UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AG, a minor, and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SOUTH BAY DREAMS COOPERATIVE, INC.,<br><br>Defendant. | Case No.: 16-cv-02598-L (RNB)<br><br>**REPORT AND RECOMMENDATION RE: PETITION FOR APPROVAL OF MINOR'S INTEREST IN SETTLEMENT OF ACTION**<br><br>**(ECF No. 16)** |

Presently before the Court is a Petition for Approval of Minor's Interest in Settlement of Action. (ECF No. 16.) After a thorough review of the Complaint, the Petition, and its supporting documents, this Court **RECOMMENDS** that the Petition be **GRANTED**.

## BACKGROUND

Plaintiff AG ("Plaintiff"), a minor, commenced this class action on October 19, 2016. (ECF No. 1 ("Compl.").) In the Complaint, Plaintiff alleges Defendant South Bay Dreams Cooperative, Inc. ("Defendant") negligently and/or willfully texted Plaintiff on two separate occasions without his prior express written consent, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"). (*Id.* at ¶¶ 1, 14-25.) Plaintiff brings this class action on behalf of himself and all others similarly situated, including "[a]ll persons within the United States who received any telephone call/s or text message/s from Defendant or its agent/s and/or employee/s to said person's cellular telephonic made through the use of any automatic telephone dialing system within the four years prior to filing the complaint." (*Id.* at ¶¶ 26-27.)

Defendant has not filed an Answer or other response to the Complaint. Instead, on April 23, 2018, the parties filed a Joint Notice of Settlement on Individual Basis, indicating the case had been settled in its entirety on an individual basis. (*See* ECF No. 13.) On April 23, 2018, the Court issued an Order regarding the Joint Notice of Settlement, ordering the Plaintiff to file a Petition for Approval of Minor's Interest in Settlement of Action in compliance with CivLR 17.1 on or before May 29, 2018, and to concurrently file a Petition for Appointment of Guardian *Ad Litem* for a minor pursuant to Federal Rule of Civil Procedure 17(c)(2). (*See* ECF No. 15.)

On April 25, 2018, Plaintiff only filed a Petition for Approval of Minor's Interest in Settlement of Action. (*See* ECF No. 16.)

## GUARDIAN *AD LITEM*

### A. Standard of Review

Pursuant to Federal Rule of Civil Procedure 17(b)(1), the capacity to sue is determined by the law of the individual's domicile. Fed. R. Civ. P. 17(b)(1). Here, Plaintiff is domiciled in California. (*See* Compl. at ¶ 9.) Under California law, an individual under the age of eighteen is a minor. Cal. Fam. Code § 6502. A minor may bring suit as long as

a guardian conducts the proceedings. Cal. Fam. Code § 6601. A minor plaintiff lacks the capacity to sue on his or her own. *See Johns v. Cnty. of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997); *see also* Cal. Code Civ. Proc. § 372(a) (under California law, when a minor is a party, that person "shall appear either by a guardian or conservator of the estate or by a guardian ad litem appointed by the court in which the action or proceeding is pending, or by a judge thereof.").[1]

Under Federal Rule of Civil Procedure Rule 17(c), a general guardian may sue on behalf of a minor, or a minor may sue by a guardian ad litem. Fed. R. Civ. P. 17(c)(1)(A), (2). For an unrepresented minor, the court "must appoint a guardian ad litem – or issue another appropriate order – to protect a minor." Fed. R. Civ. P. 17(c); *see also Davis v. Walker*, 745 F.3d 1303, 1310 (9th Cir. 2014) (noting that Rule 17(c) does not make the appointment of a guardian ad litem mandatory "[i]f another order would sufficiently protect the incompetent person's interests in the litigation in lieu of a guardian"). "The decision to appoint a guardian ad litem under Rule 17(c) is normally left to the sound discretion of the trial court[.]" *Davis*, 745 F.3d at 1310; *see also Student A v. Berkeley Unified Sch. Dist.*, No. 17-CV-02510-MEJ, 2017 WL 2171254, at *1 (N.D. Cal. May 17, 2017) (citing *In re Marriage of Caballero*, 27 Cal. App. 4th 1139, 1149 (1994)) ("When there is no conflict of interest, the guardian ad litem appointment is usually made on ex parte application and involves minimal exercise of discretion by the trial court."). The trial court may *sua sponte* appoint a guardian *ad litem*. *See* Fed. R. Civ. P. 17(c)(2); *Wenger v. Canastota Cent. Sch. Dist.*, 146 F.3d 123, 125 (2d Cir. 1998), overruled on other grounds

---

[1] Under California law, "[i]f the minor is the plaintiff the appointment [of a guardian *ad litem*] must be made before the summons is issued." Cal. Civ. Proc. Code § 373(a). However, this Court is not bound by California procedural law with regard to the appointment of a guardian *ad litem*. *See Burns v. United States*, No. 12-CV-2957-DMS (MDD), 2015 WL 12564299, at *5 (S.D. Cal. May 13, 2015) (citing *Gibbs ex rel. Gibbs v. Carnival Cruise Lines*, 314 F.3d 125, 135-36 (3d Cir. 2002)); *Estate of Escobedo v. City of Redwood City*, No. C03-03204 MJJ, 2006 WL 571354, at *7 (N.D. Cal. Mar. 2, 2006).

by *Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007).

However, even when a district court formally appoints a guardian *ad litem* to represent a minor, the guardian *ad litem* must retain a lawyer, because a non-lawyer may not appear as an attorney for anyone other than himself. *See Johns*, 114 F.3d at 877 (holding that "a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer"). In cases where a guardian *ad litem* has not been appointed, or where a lawyer has not been retained to represent the guardian *ad litem*, it is appropriate to dismiss the case without prejudice. *See Johns*, 114 F.3d at 877-78; *Watson v. Cnty. of Santa Clara*, 468 F.Supp.2d 1150, 1155 (N.D. Cal. 2007) (dismissing without prejudice actions brought by plaintiff minors because no guardian *ad litem* was formally appointed by the court).

### B. <u>Analysis</u>

Despite the Court's Order that Plaintiff file a Petition for Appointment of Guardian *Ad Litem* for a minor pursuant to Federal Rule of Civil Procedure 17(c)(2), concurrently with his Petition for Approval of Minor's Interest in Settlement of Action ("Petition"), Plaintiff did not do so. (*See* ECF No. 15.) Instead, in his Petition, Plaintiff claims that this case was originally filed by Plaintiff "by and through his natural parent, Alexis Gutierrez," even going so far as to change the caption in his Petition. (*See* ECF No. 16-1 at 2.) There is no indication in the Complaint, however, that this action was originally filed by Plaintiff "by and through his natural parent, Alexis Gutierrez." (*See* Compl.; *see also* ECF Nos. 7, 13.)

To accompany the Petition, Plaintiff's parent, Alexis Gutierrez, submitted a declaration stating that he is the natural parent of Plaintiff, has reviewed the Settlement Agreement, and has discussed the settlement with Plaintiff's counsel. (*See* ECF No. 16-4, Declaration of Alexis Gutierrez ("Gutierrez Decl.") at ¶¶ 3-11.) He further held himself out to be the guardian *ad litem* for Plaintiff in his declaration, as well as in the signed Settlement Agreement, which he signed for Plaintiff as his guardian *ad litem*. (*See id.* at 3; *see also* ECF No. 16-2, Declaration of Joshua B. Swigart ("Swigart Decl.") at Exh. A

("Settlement Agreement").)

Based on the foregoing, and in light of the Court's duty to protect the interests of the minor Plaintiff, the Court construes the Petition before the Court to be a request to appoint Alexis Gutierrez as Plaintiff's guardian *ad litem*. At the very least, the Court construes the Petition and its accompanying declarations as consent to the appointment of Mr. Gutierrez as Plaintiff's guardian *ad litem*.

A parent is generally appointed guardian *ad litem*. *See Anthem Life Ins. Co. v. Olguin*, No. 1:06-cv-01165-AWI NEW (TAG), 2007 WL 1390672, at *3 (E.D. Cal. May 9, 2007); *see also Gonzalez v. Reno*, 86 F. Supp. 2d 1167, 1185 (S.D. Fla. 2000), aff'd 212 F.3d 1338 (11th Cir. 2000) ("[W]hen a parent brings an action on behalf of a child, and it is evident that the interests of each are the same, no need exists for someone other than the parent to represent the child's interests under Rule 17(c)."). However, "'[w]hen there is a potential conflict between a perceived parental responsibility and an obligation to assist the court in achieving a just and speedy determination of the action,' a court has the right to select a guardian ad litem who is not a parent if that guardian would best protect the child's interests." *J. M. v. Liberty Union High Sch. Dist.*, No. 16-CV-05225-LB, 2016 WL 4942999, at *1 (N.D. Cal. Sept. 16, 2016) (citing *Williams v. Super. Ct.*, 147 Cal. App. 4th 36, 54 (2007) (citing *M.S. v. Wermers*, 557 F.2d 170, 175 (8th Cir. 1977)). "[I]f the parent has an actual or potential conflict of interest with his child, the parent has no right to control or influence the child's litigation." *Neri v. Tennis Villas at Blackhawk Ass'n, Inc.*, No. 3:13-CV-5180 KAW, 2013 WL 6091798, at *1 (N.D. Cal. Nov. 19, 2013) (citing *Williams*, 147 Cal. App. 4th at 50). Here, nothing in the Complaint, Petition, or proposed settlement suggests that there is, or could be, a potential conflict between Plaintiff and Mr. Gutierrez in the context of these proceedings.

Accordingly, the Court hereby recommends that Alexis Gutierrez be appointed as Plaintiff's guardian *ad litem*.

///

///

# PETITION FOR APPROVAL OF MINOR'S INTEREST IN SETTLEMENT

## A. Standard of Review

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Id.* (citing *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)); *see also Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983) (holding that "a court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem"); CivLR 17.1(a) ("No action by or on behalf of a minor or incompetent, or in which a minor or incompetent has an interest, will be settled, compromised, voluntarily discontinued, dismissed or terminated without court order or judgment.").

In conducting this inquiry, in cases involving the settlement of a minor's federal claims, district courts should examine "whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Id.* at 1179 n. 2, 1182. "[T]he district court should evaluate the fairness of [the] minor plaintiff's net recovery *without regard* to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special duty to safeguard." *Id.* at 1182 (emphasis added). In other words, "[s]o long as the net recovery to each minor plaintiff is fair and reasonable in light of their claims and average recovery in similar cases, the district court should approve the settlement as proposed by the parties." *Id.*

///
///
///

B. **Analysis**

Plaintiff seeks an order approving the settlement he individually reached with Defendant on his two TCPA claims. The TCPA generally prohibits a person from making "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system" to "any telephone number assigned to a cellular telephone service." *See* 47 U.S.C. § 227(b)(1)(A)(iii); *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 950 (9th Cir. 2009). To establish a TCPA claim, a plaintiff must prove that "(1) the defendant called a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent." *Los Angeles Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 804 (9th Cir. 2017) (quoting *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012)). A text message is a "call" within the TCPA. *Satterfield*, 569 F.3d at 954.

Here, Plaintiff alleges that Defendant sent two unsolicited text messages to his cell phone in early 2016. (*See* Compl. at ¶¶14-25.) Plaintiff claims the text messages were sent without prior express written consent and that they were not for emergency purposes. (*See id.*) Plaintiff further alleges that the texts were unsolicited advertisements. (*See id.*) Although Plaintiff does not explicitly allege in his Complaint that Defendant used an automatic telephone dialing system, he does allege that he is a member of a class of people who received text messages from Defendant through the use of an automatic telephone dialing system. (*See id.* at ¶ 27.)

Plaintiff and Defendant have reached a settlement that will pay the sum of $8,000 to Plaintiff's attorney, Joshua Swigart. (*See* Swigart Decl. at ¶¶ 4-9; Settlement Agreement at p. 2.) The amount is to be paid within ten (10) days after the issuance of an order approving the minor's compromise. (*See* Settlement Agreement at p. 2.) Thereafter, within ten (10) days of receiving payment, Plaintiff will cause this case to be dismissed with prejudice as to Plaintiff, and without prejudice as to all other persons, including the putative class members. (*See id.*)

The Settlement Agreement does not make any provision for the distribution of the $8,000. However, Plaintiff's counsel, through a sworn declaration, represents that his firm, Hyde & Swigart, APC, will keep the costs it incurred in litigating this matter, which amounted to $1,301.73, and distribute the remaining $6,698.27 to Plaintiff as damages. (Swigart Decl. at ¶¶ 7-9.) Plaintiff's counsel further represents that his firm has waived the attorney's fees it incurred in working on this case. (*Id.* at ¶ 10.)

Plaintiff contends that the settlement is fair and reasonable "because it awards Plaintiff with an amount that exceeds what the TCPA prescribes and similar cases have held to be fair and reasonable." (ECF No. 16-1 at 5.) For the following reasons, and after careful review of the Complaint, Settlement Agreement, Petition, and supporting declarations, the Court agrees.

Under the TCPA, a plaintiff can recover between $500 and $1,500 in statutory damages for each violation. *See* 47 U.S.C. §§ 227(b)(3). As Plaintiff has alleged two violations, his statutory damages, were he to win at trial, would not exceed $3,000. Therefore, the $6,680.27 he would receive under the proposed settlement would more than double his statutory damages.

In similar cases, recovery that matches the amount of statutory damages a plaintiff would be entitled to receive has been considered fair and reasonable. *See*, *e.g.*, *Vandervort v. Balboa Capital Corp.*, 8 F. Supp. 1200, 1206 (C.D. Cal. 2014) (finding reasonable a TCPA settlement which provides that a class member who submits a claim with copies of the offending fax advertisement would be awarded $500, the statutory amount, per fax).

In addition, Plaintiff's natural parent and proposed guardian *ad litem*, Mr. Gutierrez, finds the proposed settlement fair and reasonable. (*See* Gutierrez Decl. at ¶¶ 3-11.) "[A] guardian ad litem may repudiate a settlement agreement prior to court approval." *Dacanay*, 573 F.2d at 1079. That is not the case here. Rather, Mr. Gutierrez received the proposed Settlement Agreement from Plaintiff's counsel on March 30, 2018, and thereafter reviewed and discussed it with Plaintiff's counsel. (*See* Gutierrez Decl. at ¶¶ 4, 6.) Based on his review and discussion, Plaintiff's parent believes the Settlement Agreement, and the

division of the monetary settlement, to be equitable, "fair, reasonable, and in the best interests of [her] child." (*See id.* at ¶¶ 7-12.)

The distribution further conforms with Local Civil Rule 17.1(b), which provides that money recovered by a minor California resident by settlement must be paid and disbursed in accordance with California Probate Code §§ 3600 *et seq.* See CivLR 17.1(b)(1); Cal. Prob. Code §§ 3600, 3601, 3602(a), 3610, 3611(b). In accordance with the pertinent California Probate Code sections, the settlement proposes that Plaintiff's settlement proceeds be disbursed to his guardian *ad litem* and natural parent, Alexis Gutierrez, for the benefit of Plaintiff, and placed in a blocked interest-bearing FDIC or NCUA insured account held in Plaintiff's name from which no withdrawals shall be made without a court order until Plaintiff reaches the age of majority. (*See* ECF No. 16-1 at 4.)

In consideration of the foregoing, including the facts of the case, the minor's specifics claims, and recovery in similar cases, the Court finds the settlement to be fair and reasonable.

**RECOMMENDATION**

Based upon the foregoing, IT IS HEREBY RECOMMENDED that:

1. Alexis Gutierrez be appointed Plaintiff's guardian *ad litem*; and

2. Plaintiff's Application for Approval of Minor's Interest in Settlement of Action be **GRANTED**, with the following conditions:

    a. Plaintiff's counsel shall be paid $1,301.73 from the settlement amount.

    b. Plaintiff's settlement amount of $6,698.27 shall be disbursed to his natural parent, Alexis Gutierrez, for the benefit of Plaintiff, and placed in a blocked interest-bearing FDIC or NCUA insured account held in the name of Plaintiff from which no withdrawals shall be made without a court order until Plaintiff reaches the age of majority.

    c. Plaintiff's counsel shall file a proof of deposit of settlement amount for the benefit of Plaintiff within fourteen (14) days from the date of receipt

| | |
|---|---|
| 1 | of funds. |
| 2 | These findings and recommendations are submitted to United States District Judge |
| 3 | M. James Lorenz, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Civil Rules |
| 4 | 17.1(a) and 72.1. Within **fourteen (14) days** after being served with these findings and |
| 5 | recommendations, any party may file written objections with the court and serve a copy on |
| 6 | all parties. Such a document should be captioned "Objections to Magistrate Judge's |
| 7 | Findings and Recommendations." |
| 8 | IT IS SO ORDERED. |
| 9 | Dated: April 30, 2018 |

ROBERT N. BLOCK
United States Magistrate Judge